UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLEY MILHOFF, ) | Case No. 5:20-cv-0507 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

Plaintiff Charley Millhoff applied for supplemental security income. The Commissioner denied her application, both initially and on reconsideration. She appealed but the appellate council declined review, rendering final the Commissioner's denial. Plaintiff then sought review in federal court. The Magistrate Judge recommends that the Court affirm the Commissioner's decision, and Plaintiff objects to that recommendation. For the reasons that follow, the Court **OVERULES** Plaintiff's objections (ECF No. 16), **ADOPTS** the Report and Recommendation (ECF No. 15), and **AFFIRMS** the Commissioner's denial of Plaintiff's application for disability insurance benefits.

### FACTUAL AND PROCEDURAL BACKGROUND

Ms. Millhoff applied for supplemental security income on February 9, 2017, alleging a disability caused by mental and physical ailments, including debilitating pain in her right hand and ring finger. (ECF No. 11, PageID #1246.) The application was denied initially and on reconsideration, and Plaintiff requested a hearing before

1

an administrative law judge. (*Id.*, PageID #1202, #1210 & #1215.) Plaintiff participated in the hearing on November 27, 2018, was represented by counsel, and testified. (*Id.*, PageID #1149–1167.) On January 3, 2019, the ALJ found that Plaintiff is not disabled. (*Id.*, PageID #1130).

### A. Administrative Law Judge's Decision

After hearing testimony from Ms. Millhoff and a vocational expert and considering the evidence presented, an ALJ issued a written decision denying Ms. Millhoff's application. (*Id.*, PageID #1130.) The ALJ outlined and conducted the customary five-step inquiry to determine whether Ms. Millhoff was disabled under Section 1614(a)(3)(A) of the Social Security Act. (*Id.*, PageID #1135–42.)

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (*Id.*, PageID #1135.) At step two, the ALJ found that Ms. Millhoff had several severe impairments, including migraines, seizure disorder, major depression, generalized anxiety disorder, and borderline intellectual functioning. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, app. 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (*Id.*, PageID #1135–37.)

As to step four, and important to the Court's review, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b), with several limitations:

> [S]he cannot climb ladders, ropes, or scaffolds. She can frequently balance and occasionally kneel and crawl. She can frequently handle

and finger with the right upper extremity. She must avoid workplace hazards such as unprotected heights or exposure to dangerous moving machinery. She cannot engage in commercial driving. She is limited to simple, routine tasks that do not involve arbitration, negotiation, or confrontation. She cannot direct the work of others or be responsible for the safety or welfare of others. She cannot engage in piece rate work or assembly line work. She can occasionally interact with others.

(*Id.*, PageID #1137.) Notably, the ALJ found that Ms. Millhoff can frequently handle and finger with the right upper extremity rather limiting her to occasional fine and gross manipulation with her right-hand limitation as suggested by the State Agency consultants Dr. Hinzman and Dr. Bolz (discussed below). (*Id.*, PageID #1164.)

Finally, at step five, the ALJ determined that Ms. Millhoff has no past relevant work. (*Id.*, PageID #1143.) However, he determined that Ms. Millhoff can perform other jobs that exist in significant numbers in the national economy given her age, education, work experience, and residual functional capacity. (*Id.*) Therefore, the ALJ found that Ms. Millhoff was not disabled and denied her application. (*Id.*) The appeals council declined further review.

### B.  Pertinent Medical Opinions Considered

In addition to other evidence in the record, including medical evidence and Ms. Millhoff's testimony, the ALJ considered several medical opinions. Relevant to Plaintiff's objections are the medical opinions of State Agency medical consultants Gary Hinzman, M.D. and William Bolz, M.D. and Ms. Millhoff's treating neurologist, A. Itrat, M.D.

### B.1. Dr. Gary Hinzman & Dr. William Bolz

Dr. Hinzman and Dr. Bolz reviewed Ms. Millhoff's medical records, and both opined that she has the ability to: lift/carry up to 20 pounds occasionally/10 pounds frequently; stand/walk about 6 hours total during an eight-hour workday; sit about 6 hours total during an eight-hour workday; unlimited push/pull other than as shown in lift/carry; never climb ladders/ropes/scaffolds; occasionally crawl; occasional fine and gross manipulation with right upper extremity due to right trigger finger release on March 18, 2016; avoid all exposure to hazards (machinery, heights, etc.); and no commercial driving. (*Id.*, PageID #1179–81, #1195–97.)

The ALJ gave great weight to both of these opinions, stating that they were well supported by the record. (*Id.*, PageID #1140.)

### B.2. Dr. A. Itrat

Dr. Itrat opined that Ms. Millhoff was able to use her hands frequently and could participate in activities requiring frequent handling and fingering, including data entry, filing, copying, folding, and faxing. (*Id.*, PageID #1141.)

The ALJ also gave this opinion great weight. He concluded that Dr. Itrat was an acceptable medical source, who treated Ms. Millhoff during the relevant period, and his opinion was consistent with Plaintiff's treatment records, which showed that Ms. Millhoff had full range of motion in her right ring finger, was able to make a fist with her right hand, had bilaterally intact grip strength, and had fully intact strength, sensation, and motor tone in her upper extremities. (*Id.*, PageID #1141, #1491, #1493, #1662, #1715 & #1721.)

C.    **Report and Recommendation**

Plaintiff timely filed this action, seeking judicial review under 42 U.S.C. § 405(g). The Magistrate Judge issued a Report and Recommendation that the Court affirm the ALJ's decision denying Plaintiff's application. Plaintiff objects to the Report and Recommendation, and the Court limits its discussion to the issues to which Plaintiff now objects. *See* 28 U.S.C. § 636(b). Plaintiff's objections concern, first, whether the ALJ properly evaluated the evidence as it relates to her residual functional capacity and, second, whether any purported error was harmless.

With respect to the first issue, the Magistrate Judge noted that the issue of residual functional capacity is reserved to the Commissioner but must be based on substantial evidence. (ECF No. 15, PageID 2237–38.) Then, the Magistrate Judge noted that the ALJ gave great weight to both the State Agency doctors and Dr. Itrat's opinions regarding Plaintiff's residual functional capacity. Further, the Magistrate Judge noted that an ALJ need not adopt all of the stated limitations in a medical source opinion. (*Id.*) Therefore, the Magistrate Judge determined that, despite the great weight the ALJ gave to the State Agency doctors' opinions that Plaintiff could only occasionally, as opposed to frequently, use her right hand, substantial evidence supported the ALJ's conclusion regarding Plaintiff's residual functional capacity. (*Id.*)

With respect to the second issue, the Magistrate Judge determined that, even if the ALJ neglected to explain why he did not adopt Dr. Hinzman's and Dr. Bolz's opinions, that error was harmless because his reason was apparent from the decision

5

as a whole and was, nonetheless, supported by substantial evidence. (ECF No. 15, PageID #2239–40.)

### D. Plaintiff's Objections

Plaintiff objects to the Report and Recommendation, arguing that the Magistrate Judge wrongly concluded that (1) the ALJ did not need to adopt the State Agency doctors' opinions despite giving them great weight (ECF No. 16, PageID #2243–45), and (2) the ALJ's failure to adopt wholesale the opinions of the State Agency doctors was harmless. (*Id.*, PageID #2243, 2245.)

## ANALYSIS

The Court reviews de novo the portions of a magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "De novo review requires the Court to re-examine the relevant evidence a magistrate judge reviewed to determine whether to accept, reject, or modify the report and recommendation." *Scott v. Saul*, No. 1:19-cv-2393, 2021 U.S. Dist. LEXIS 92052, at *12–13 (N.D. Ohio May 14, 2021); *see* 28 U.S.C. 636(b).

Where a party objects, review is limited to determining whether substantial evidence in the record supports the Commissioner's decision and to reviewing any legal errors. *Wright v. Massanari*, 321 F.3d 611, 614–15 (6th Cir. 2003). "Substantial evidence" is more than a scintilla, but less than a preponderance. *Rogers v. Commissioner of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a

6

conclusion." *Id.* If substantial evidence supports the Commissioner's findings, then the Court accepts them as conclusive, even if it would have reached a different outcome on the same facts. 42 U.S.C. § 405(g).

I. **Consideration of Medical Opinions**

Plaintiff objects that the ALJ meant to adopt entirely the opinions of the State Agency doctors. But the record says otherwise. Indeed, the ALJ gave great weight to Dr. Hinzman's and Dr. Bolz's opinions, but he also gave great weight to Dr. Itrat's opinion. (ECF No. 9, PageID #79.) Further, giving weight to certain evidence does not indicate that such evidence is dispositive, it merely helps the fact finder accept or reject a factual assertion. *See Conway v. Berryhill*, Case No. 1:18-cv-00218, 2018 U.S. Dist. LEXIS 220999, at *19 (N.D. Ohio Dec. 17, 2018). Plaintiff's residual functional capacity presents a factual determination reserved for the ALJ based on all the evidence of record. In this case, the ALJ determined that the record supported a finding that Plainitff's use of her right hand was limited to frequent fingering and handling, as opposed to occasional. So long as substantial evidence supports that determination—and Plaintiff does not raise an objection to that effect—it is final and unreviewable.

II. **Harmless Error**

Plaintiff argues that the ALJ's failure to adopt the opinions of the State Agency doctors or otherwise explain why it refused to adopt those opinions was error and not harmless. (ECF No. 16, PageID #2245–46.) Even assuming that the ALJ erred by failing to expressly state why he rejected Dr. Hinzman's and Mr. Bolz's opinion

7

regarding Plaintiff's residual functional capacity, substantial evidence supports the determination that Ms. Millhoff's right hand was limited to frequent use. First, the record reflects that Ms. Millhoff received treatment, including surgery to enhance the mobility of her right hand (ECF No. 11, PageID #1483–85), and Dr. Itrat, her treating physician, opined that she can use her right hand frequently (ECF No. 9, PageID #79). Indeed, substantial evidence might also support a contrary determination, but a decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. See *Ealy*, 594 F.3d at 512. Under these circumstances, remanding the case to the ALJ would serve no useful purpose. See *Kobetic v. Commissioner of Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004).

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 16), **ADOPTS** the Report and Recommendation (ECF No. 15), and **AFFIRMS** the Commissioner's denial of disability and disability benefits and supplemental security income. Further, the Court **DIRECTS** the clerk to enter judgment accordingly.

**SO ORDERED.**

Dated: February 16, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio